IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JULIA E. BROWN,  )
 )
v.  ) NO. 3:13-0799
 )
CAROLYN W. COLVIN,  )
    Acting Commissioner of  )
    Social Security  )

To: The Honorable John T. Nixon, Senior District Judge

## REPORT AND RECOMMENDATION

The pro se plaintiff filed this case on August 12, 2013. After the defendant filed an answer (Docket Entry No. 16) and the administrative record (Docket Entry No. 17), by order entered October 21, 2013 (Docket Entry No. 15), the Court gave the plaintiff 30 days to file a motion for judgment on the record and accompanying memorandum. On November 7, 2013, the plaintiff filed a motion for an extension of time (Docket Entry No. 19), which was granted by order entered November 12, 2013 (Docket Entry No. 20), and the plaintiff was given until January 21, 2014, to file a motion for judgment on the administrative record and accompanying memorandum.[1]

The plaintiff did not file a motion for judgment on the administrative record, and on February 28, 2014, the defendant filed a motion to show cause why the complaint should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Docket Entry No. 24). On March 17, 2014, the Court granted the defendant's motion to show cause to the extent that the Court extended the plaintiff's deadline to file a motion for judgment on the record to April 30, 2014 (Docket

---

[1] That order was sent to the plaintiff by regular mail and certified mail, and the return receipt was signed by Julia Brown on November 18, 2013 (Docket Entry No. 23).

1

Entry No. 25).[2] In that order, the Court warned the plaintiff that if she did not file a motion for judgment on the record by April 30, 2014, her case could be dismissed for failure to comply with the Court's order and for failure to prosecute in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff has not filed a motion for judgment on the administrative record.

Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), as assimilated into Rule 16(f), the Court may dismiss an action.

In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court." Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff has had ample opportunity to prosecute this case. She was notified of her obligation to file a motion for judgment on the record by order entered October 21, 2013. Upon the plaintiff's motion for an extension of time, the Court gave the plaintiff until January 21, 2014, to file a motion for judgment on the record. However, contrary to the Court's orders, the plaintiff has not

---

[2] That order was sent to the plaintiff by regular mail and certified mail (Docket Entry No. 25). The certified mail was returned as unclaimed, but the regular mail was not returned (Docket Entry No. 27).

filed a motion for judgment on the administrative record, filed a motion to extend the time to do so, or made any filings in this case. Even after the Court granted the defendant's motion to show cause and warned the plaintiff that her case could be dismissed if she did not file a motion for judgment on the administrative record by April 30, 2014, the plaintiff has not taken further action to prosecute this case.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be dismissed for the plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for her failure to comply with the orders entered on November 12, 2013 (Docket Entry No. 20) and March 17, 2014 (Docket Entry No. 25), pursuant to Rules 16(f)(1)(C) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge